IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LESLIE WARTHMAN,**

    **Plaintiff,**

  vs.                                      Civil Action 2:07-CV-860
                                            Judge Marbley
                                            Magistrate Judge King

**GENOA TOWNSHIP BOARD OF
TRUSTEES,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff, formerly a zoning inspector for defendant, initiated this action in the Court of Common Pleas for Delaware County, alleging that the termination of her employment was unlawful because she was denied a public hearing. On August 27, 2007, defendant filed a notice of removal of the action, alleging that the complaint states a claim arising under federal law. *Notice of Removal,* Doc. No. 2. With the agreement of the parties, *see* 28 U.S.C. §636(c), this matter is now before the Court on plaintiff's *Motion to Remand.* Doc. No. 6.

In her *Motion to Remand,* plaintiff takes the position that the complaint asserts no claim under federal law and that removal of the action on that basis was improper. Plaintiff also seeks an award of attorney's fees associated with the removal and remand. *See* 28 U.S.C. §1447(c).

Count I of the complaint asserts a claim under Ohio's Open Meetings Law, O.R.C. §121.22; Count II of the complaint alleges, in its entirety:

> 58. Plaintiff incorporates herein each of the preceding paragraphs.
>
> 59. Defendant is estopped to deny Plaintiff's right to a public name clearing hearing.

*Complaint,* ¶¶58-59. The complaint seeks injunctive relief and civil

forfeiture under O.R.C. §121.22; as to Count II, the complaint asks the Court to "find, declare and determine that Defendant is estopped from denying that Plaintiff had a right to a name clearing hearing which is the predicate for her hearing under R.C. 121.22(G)(1). ..." *Complaint,* at p.10.

In removing the action as one arising under federal law, defendant referred to ¶25 of the complaint, which reads as follows:

> 25. Pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution, Plaintiff was entitled to a name clearing hearing.

*Complaint,* ¶25.  Defendant takes the position that, in invoking the United States Constitution, plaintiff has asserted a claim arising under federal law.

A civil action founded on a claim arising under the Constitution or laws of the United States may be removed by a defendant. 28 U.S.C. §1441(b).  A case arises under federal law if a federal question appears on the face of the well-pleaded complaint. *Louisville & Nashville RR Co. v. Mottley,* 211 U.S. 149, 152 (1908).  While the plaintiff is the "master to decide what law [she] will rely upon," *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913), and may ignore any federal claims otherwise available, a plaintiff cannot defeat otherwise proper removal by masking, or "artfully pleading," a federal claim as a state law claim.  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal.,* 463 U.S. 1 (1983).  *See also Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 560 (1968).

This Court concludes that the complaint, fairly read, invokes only claims under state law.  Nowhere does the complaint refer to 42 U.S.C. §1983 or any other federal statute.  Count I of the complaint

expressly invokes only Ohio law; Count II of the complaint asserts only a common law estoppel claim. Although ¶25 of the *Complaint* refers to federal law, plaintiff explains that that reference is made only as a predicate to her demand for a public hearing under O.R.C. §121.22(G)(1); according to plaintiff, that state statute "has been interpreted by the Ohio Supreme Court as requiring a public hearing only where the employee is entitled to a hearing as elsewhere provided by law.". *Motion to Remand*, p.3 (citing *Matheny v. Bd of Ed.,* 62 Ohio St.2d 362, 366-67 (1980)). "The only reference in Plaintiff's complaint to the due process clause is to establish the generalized right to a name-clearing hearing to satisfy the requirement under the Ohio Open Meetings Law that she was entitled to a hearing 'elsewhere' and that it was provided by the federal and state constitutions." *Id.,* at 4.

The language of ¶25 of the *Complaint*, fairly read, is consistent with plaintiff's explanation that the reference to the United States Constitution serves only to support her claim to a public hearing under Ohio's Open Meetings Law.

In any event, the *Motion to Remand* confirms that plaintiff does not intend to pursue a claim under federal law and plaintiff will be held to that position. Under these circumstances, the Court concludes that retaining jurisdiction over the claims asserted in the action, which all arise under state law, would be inappropriate. *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988).

The *Motion to Remand* is therefore meritorious.

Plaintiff also asks for an award of attorneys fees associated with the motion to remand. An order remanding a case may require payment of "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. §1447(c). Because

3

removal of the action was based upon plaintiff's reference in the *Complaint* to federal law, the Court concludes that an award of fees or costs to plaintiff would be unjust and is unwarranted.

The *Motion to Remand,* Doc. No. 6, is **GRANTED**. This action is **ORDERED REMANDED** to the Court of Common Pleas for Delaware County. Plaintiff's request for fees and costs associated with the removal and remand of this action is **DENIED.**

November 20, 2007                    *s/Norah McCann King*
                                      Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge